IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FIRST TUSKEGEE BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:10-CV-462-MEF |
| | ) |
| STEPHANIE Y. ADAMS, *et al.*, | ) (WO - DO NOT PUBLISH) |
| | ) |
| Defendants. | ) |

## **ORDER**

This interpleader action is before the Court on First Tuskegee Bank's Motion for Discharge (Doc. # 27). Defendant Stephanie Y. Adams ("Adams") owned and operated S & M Tax Services, a business that provided tax services to individuals filing federal tax returns.[1] Adams maintains a bank account at First Tuskegee for the purported purpose of receiving individual tax refunds belonging to customers of S & M Tax Services. The Internal Revenue Service ("IRS") informed First Tuskegee that some or all of the money deposited into Adams's account may not have been properly payable from the Department of the Treasury. In response, First Tuskegee placed an administrative hold on the bank account.

After First Tuskegee filed an interpleader action in the Montgomery Circuit Court, defendant the United States removed the case to federal court. (Doc. # 1). After removal, First Tuskegee paid $16,089.54, the balance remaining in Adams's account, into the registry

---

[1] First Tuskegee was unable to personally serve Adams, although notice of the lawsuit was published in the Montgomery Advertiser for four weeks. (Doc. # 24). Adams has not answered in this lawsuit.

of this Court. On August 20, 2010, this Court ordered that the money be deposited in an interest bearing account. (Doc. # 17). First Tuskegee claims no interest in the funds it has paid into the Court. (Doc. # 27). It now asks to be discharged from further liability to any of the claimants and requests this court to enjoin any present or prospective claimants from filing suit against it. *Id.* The United States does not oppose First Tuskegee's request to be discharged from liability. (Doc. # 29). Adams has not answered in this lawsuit, and therefore has not opposed First Tuskegee's request either.

For good cause shown, the Court is persuaded that First Tuskegee is due to be discharged from all further liability to any claimant to this action with respect to the money maintained in Adams's account maintained at First Tuskegee and bearing the number XXXXXXX841.

Pursuant to 28 U.S.C. § 2361, all defendants to this action are hereby permanently enjoined from instituting or prosecuting any proceeding against First Tuskegee in any court seeking recovery of the interpleaded funds.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that First Tuskegee's Motion for Discharge (Doc. # 27) is GRANTED.

DONE this the 18th day of February, 2011.

                                                             /s/ Mark E. Fuller
                                          CHIEF UNITED STATES DISTRICT JUDGE